**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RENE NAVARRO MURILLO;
PATRICIA HEREIDA NAVARRO,

   Petitioners,

 v.

ERIC H. HOLDER, Jr., Attorney General,

   Respondent.

No. 08-73621

Agency Nos. A079-521-784
      A079-521-785

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

 Rene Navarro Murillo and Patricia Hereida Navarro, natives and citizens of

Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order denying their motion to reopen removal proceedings. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen, and review de novo constitutional claims, including ineffective assistance of counsel claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' March 31, 2008, motion to reopen for lack of prejudice. *See Iturribarria v. INS*, 321 F.3d 889, 899-90 (9th Cir. 2003) (prejudice results when the performance of counsel "was so inadequate that it may have affected the outcome of the proceedings") (internal quotation marks omitted).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

The supplemental evidence petitioners presented with their motion concerned the same basic hardship grounds as their applications for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 601-03 (9th Cir. 2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601.

Petitioners' remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**